UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY BROXTON,

          Petitioner,           Case No. 12-cv-11288

v           Honorable Thomas L. Ludington

THOMAS BIRKETT,

          Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Corey Broxton, presently on parole supervision with the Michigan Department of Corrections through the Saginaw County Parole Office, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by entry of his *nolo contendere* plea in the Saginaw County Circuit Court to two counts of attempted third degree criminal sexual conduct, Mich. Comp Laws §§ 750.92; 750.520d(1)(B). Petitioner was sentenced to two to five years in prison on each count, to be served concurrently. Petitioner contends that the trial court improperly scored points under Offense Variable 11 of the Michigan Sentencing Guidelines and that his trial counsel was ineffective for failing to object to the scoring of the offense variable. Respondent has filed an answer to the petition, asserting that the claims lack merit. Petitioner's claims are meritless, and therefore the petition will be denied.

I.

Petitioner was charged with three counts of third-degree criminal sexual conduct. Petitioner pleaded *nolo contendere* to two reduced counts of attempted third-degree criminal

sexual conduct in exchange for the prosecutor's agreement to dismiss the three third-degree criminal sexual conduct charges. Trial counsel stipulated to the use of a police report to make out a factual basis for the plea. June 11, 2009 Tr. pp. 3-8.

At sentencing, Petitioner's counsel moved for Petitioner's plea to be withdrawn based upon new evidence that the victim had made similar sexual assault allegations against another member of the clergy. The judge denied the motion. Jan. 28, 2010 Tr. pp. 3-4. Defense counsel objected to the scoring of points under Offense Variable (OV) 4 of the Michigan Sentencing Guidelines for serious psychological injury to the victim that required treatment. *Id.* at 5. After hearing testimony from the victim concerning the anxiety that she had suffered from the attack and the type of psychiatric treatment that she received, *Id.* at 8-21, the judge concluded that there was sufficient evidence to support the scoring of ten points under OV 4. Counsel stated that he had no additional objections to the scoring of the guidelines. *Id*. at 24. Petitioner's counsel asked the trial judge to consider sentencing Petitioner to county jail and probation. *Id*. The prosecutor responded that the sentencing guidelines were scored at 12-24 months and asked for a prison sentence. *Id*. at 29. The judge sentenced Petitioner to two to five years in prison. *Id*. at 35.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Broxton,* 803 N.W.2d 337 (Mich. Ct. App. April 13, 2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

> Mr. Broxton's due process rights were violated where his sentencing guidelines were scored based on inaccurate information, thus he is entitled to be resentenced under the correct guidelines which would permit an intermediate sanction. Thus, counsel was constitutionally ineffective for failing to object to the scoring of OV 11.

ECF No. 1 at 2.

II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per*

*curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In the present case, the Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, " it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption

may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785.

In the present case, the AEDPA deferential standard of review applies to Petitioner's case where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell,* 692 F. 3d 486, 492-94 (6th Cir. 2012).

III.

A.

Petitioner first contends that the trial judge improperly scored fifty points against him under Offense Variable 11 of the Michigan Sentencing Guidelines, which addresses criminal sexual penetrations that arise out of the same offense. Mich. Comp Laws § 777.41 states that fifty points should be scored under OV 11 if two or more criminal sexual penetrations occurred. Petitioner contends that it was improper to score fifty points under OV 11 because there was no completed sexual penetration since he was convicted only of attempted third-degree criminal sexual penetration. Petitioner contends that had the sentencing guidelines been correctly scored, his guidelines range would have been reduced from 12-24 months to 0-17 months, which is considered an immediate sanction range for which a judge cannot impose a prison sentence in the absence of substantial and compelling reasons. *See* Mich. Comp Laws § 769.34(4).

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or

is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is essentially a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.* Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

Petitioner further claims that trial counsel was ineffective for failing to object to the scoring of OV 11, claiming that the scoring of the guidelines was based on inaccurate information.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient

that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, a petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, a petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, a petitioner must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (*quoting Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

In the present case, the Michigan Court of Appeals and the Michigan Supreme Court on Petitioner's direct appeal rejected Petitioner's sentencing claim and his related ineffective assistance of counsel claim.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In this case, the trial judge concluded that there was a factual basis for the scoring of Offense Variable 11 under Michigan's Sentencing Guidelines and the Michigan appellate courts upheld this ruling. Petitioner is therefore unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because Petitioner has not offered evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. See *Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007).

More importantly, Petitioner has failed to show that the trial judge relied on inaccurate information in assessing Petitioner fifty points under OV 11 for two or more sexual

penetrations. The pre-sentence investigation report contained the victim's statement to the police, in which she indicated that she had been sexually penetrated three separate times by Petitioner. A court in Michigan is permitted to consider all of the evidence before it when scoring the guidelines, including information contained in a pre-sentence report, admissions made by a defendant during a plea proceeding, or testimony from a preliminary examination or trial. *People v. Ratkov,* 201 Mich. App. 123, 125; 505 N.W. 2d 886 (1993). The prosecution is required to prove any controverted factual assertions which are used in the scoring of the sentencing guidelines by a preponderance of the evidence, rather than beyond a reasonable doubt. *Id.*

The Michigan Court of Appeals, in rejecting Petitioner's sentencing and ineffective assistance of counsel claims, at least implicitly held that the trial court did not rely on inaccurate information in sentencing him. The Michigan Court of Appeals' implicit determination—that the judge did not rely on inaccurate information at sentencing—was not clearly erroneous. Because the judge did not rely on inaccurate information at sentencing, Petitioner's trial counsel was not obligated to object to the information. Therefore, Petitioner's claim that his trial counsel was ineffective for failing to object to the allegedly inaccurate information during sentencing is without merit. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002). Petitioner is not entitled to relief on his claims.

B.

In his reply brief, Petitioner for the first time appears to be raising additional claims that were neither raised in his initial habeas petition nor in his appeal before the Michigan appellate courts. Petitioner appears to claim that he received inadequate notice of the charges, that there

was a breach of the plea agreement, that his plea was involuntary, and that he was compelled to incriminate himself at sentencing.

A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because these claims have not been exhausted with the state courts and are being presented for the first time in Petitioner's reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court. *See Murphy v. Ohio*, 551 F. 3d 485, 502 (6th Cir. 2009); *see also Tyler v. Mitchell,* 416 F. 3d 500, 504 (6th Cir. 2005).

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 23, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Corey Broxton #733654 at 2708 Marion, Saginaw, MI 48601 by first class U.S. mail on December 23, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS